# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____Bedford_____ County

| For Prothonotary Use Only: |
|---|
| Docket No: 46-2019 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name: 4 a Inter-faith Sanctuary of Scott Religion

Lead Defendant's Name: Kate Gille

☐ Check here if you are a Self-Represented (Pro Se) Litigant

Name of Plaintiff/Appellant's Attorney: _____

Are money damages requested? : ☐ Yes ☒ No

Dollar Amount Requested: ____ within arbitration limits (Check one) ____ outside arbitration limits

Is this a *Class Action Suit*? ☐ Yes ☒ No

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other _____

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☒ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

Pa.R.C.P. 205.5                                                                 2/2010

IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| FOUR QUARTERS INTERFAITH, SANCTUARY OF EARTH RELIGION,<br>　　　　Plaintiff<br>-vs-<br><br>KATE GILLE, WILLIAM VAN METER, JOSHUA POWELL,<br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 46 for 2019<br><br><br><br><br><br>IN EQUITY |

## PETITION FOR EX PARTE EMERGENCY INJUNCTIVE RELIEF AND DECLARATORY JUDGEMENT

**AND NOW**, comes Four Quarters InterFaith Sanctuary of Earth Religion, by and through their counsel, the Law Offices of Steven P. Passarello, Esq., P.C., and files this Request for Ex Parte Emergency Injunctive Relief and Declaratory Judgement and in support thereof avers as follows:

## PETITION FOR DECLATORY JUDGEMENT UNDER 42 Pa.C.S.A. 7532

1. Four Quarters InterFaith Sanctuary of the Earth, is a Pennsylvania non-profit corporation and religious organization, with a primary address of 190 Walker Ln, Artemas PA 17211 and represented by the Law Offices of Steven P. Passarello, Esq., P.C. in this matter.

2. Kate Gille, is an adult individual, residing at 3528 W 9th Street, Apt A, Trainer PA 19601.

3. William Van Meter, is an adult individual residing at 2344 Walton Avenue,

Pittsburgh PA 15210-4152.

4. Joshua Powell, is an adult individual residing at 3244 Eagle School Road #9, Martinsburg, WV 25404.

5. All defendants are former members of the Plaintiff's organization.

6. That Plaintiff holds a religious ceremony/fundraising event every summer known as Wickerman Burn which is one of the largest and most successful events the they holds each year.

7. The event has been held for the past ten years since 2008 by the Plaintiff at the Plaintiff's premises.

8. Plaintiff has been required to seek special permission and license from the Pennsylvania Liquor Control Board for this event, has done so in past years, and would intend to continue to do so.

9. At no time whatsoever has this event been held at any other place.

10. At no time whatsoever has this event not been entirely created, planned, sponsored, and run by the Plaintiff.

11. Without question or doubt the event in question is the intellectual and ceremonial property of the Plaintiff.

12. That Plaintiff has operated a Facebook Group page for Wickerman Burn for approximately the last nine (9) years for participants to be updated on planning for the event and for Plaintiff's to publish pertinent information and advertise relative to same.

13. That the Facebook page is the primary source of information and advertising for the Wickerman Burn event and has over four thousand followers of Plaintiff's page and event.

14. That the Facebook page previously was ran by three administrators, Ariel Alexander, who also is a member of Plaintiff's organization, Michael McConnell, member of the Board of Directors of Four Quarters InterFaith Sanctuary of the Earth, and Caroline Krystek, President of the Board of Directors of Four Quarters InterFaith Sanctuary of the Earth.

15. That Defendant Gille was able to gain administrative rights from Ms. Alexander utilizing false pretenses and surreptitious means on December 26, 2018.

16. That upon obtaining those administrative rights, Defendant Gille immediately removed the previous administrators and took sole possession of the Facebook page.

17. That Defendant Gille then named Defendant Van Meter, Defendant Powell, and herself as administrators.

18. That Defendants then renamed the Facebook page Wicker Family Burn and began advertising a competing and rival event at a location to be determined.

19. That Defendant Powell is the owner of a webpage, wickerfam.org, which has been listed as the event host on the commandeered Facebook page belonging to Plaintiffs.

20. Prior to the Facebook page being commandeered, it listed the Plaintiff's webpage as the event host.

21. Plaintiff derives a substantial portion of yearly revenue from the Wickerman Burn event in excess of eighty-thousand dollars ($80,000).

22. Defendants are attempting to deprive Plaintiffs of that event and the money derived therefrom by insinuating that the Wickerman Burn event belongs to them despite the very clear fact that the event belongs to the Plaintiffs.

23. Defendants have, in conspiracy, engaged in a pattern of deceit to attempt to portray to the audience of over four thousand (4,000) Facebook followers that the Plaintiff's event is no longer in their control.

24. Defendants have, in conspiracy together, engaged in a pattern of deceit in order to deprive the Plaintiff of the financial benefit of the Plaintiff's event in order to enrich themselves and their competing event Wicker Family Burn (wickerfam.org).

25. Defendants have, in conspiracy, engaged in a pattern of deceit and false practices to sully and denigrate the reputation of the Plaintiff and Plaintiff's event in order to enrich themselves and their competing event.

26. That the Defendants are utilizing photographs of the property, including the "mother stone" as featured in the Washington Times in an article about the Plaintiff, belonging to Plaintiff and of Plaintiff's events in their online advertising and publications to the economic detriment of the Plaintiff and in further attempt to falsely portray the proposed events of the Defendant as related to the Plaintiff's event.

27. That injunctive relief before This Honorable Court is the only available remedy to Plaintiff's to prevent further damage to the reputation and financial success of the Plaintiff and Plaintiff's event.

28. That injunctive relief before This Honorable Court is the only available remedy to restore Plaintiff to control the Facebook page which is the intellectual and personal property of the Plaintiff.

29. That Ms. Alexander, Mr. McConnell, Mr. Orren Whiddon, and Ms. Krystek have sworn out affidavits to the allegations above and are prepared to testify to

same at an evidentiary hearing before This Honorable Court.

**WHEREFORE**, the Plaintiff respectfully requests This Honorable Court to enter an Order granting permanent injunctive relief.

## PETITION FOR EMERGENCY EX PARTE INJUNCTIVE RELIEF UNDER Pa.R.C.P. 1531

30. Paragraphs 1-29 are incorporated by reference as if set forth fully herein.

31. That the Plaintiff has a near certain likelihood of success on the merits of the Permanent Injunction Action, given that the actions of the Defendants were undertaken through false pretenses and by surreptitious means.

32. That the Plaintiff is seeking emergency ex parte injunctive relief requiring the Defendants to return rightful ownership of the Facebook page to the Plaintiffs, cease and desist any actions or activities in which the Defendant's hold out their event as related to the Plaintiff's event, utilizing photographs, video, or likeness of the Plaintiff's events or property, and barring any action to interfere with the Plaintiff's event.

33. That injunctive relief is immediately necessary to prevent further harm to the financial status of the Plaintiffs, the Wickerman Burn Event, and the reputation thereof.

34. That Pa.R.C.P. 1531 permits preliminary or special injunction where, "it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be

granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require."

35. That the Plaintiff has a great vested financial interest in the continued strong reputation of their organization and this event as well as the financial health and stability of their organization and event.

36. Planning is already underway for the 2019 Wickerman Burn Event and Plaintiff has lost the ability to directly communicate with over 4,000 individuals as a result of the Facebook page being commandeered under false pretense and surreptitious actions of the Defendants.

37. That no harm could possibly befall the Defendants in granting injunctive relief but significant harm and damage could befall the Plaintiff and their event if injunctive relief is not granted.

**WHEREFORE**, the Plaintiff respectfully requests This Honorable Court enter an Order granting immediate Ex-Parte Injunctive Relief.

## **CONCLUSION**

In conclusion, the Plaintiff contends that immediate and long-term irreparable harm will be caused to the Plaintiff and Plaintiff's event if injunctive relief is not granted by This Honorable Court. Defendants' suffer no prejudice or harm of any nature by restoring the parties to the position prior to the actions of the Defendants' in December of 2018 and until a full evidentiary hearing can be held on this matter.

**WHEREFORE**, the Plaintiff respectfully requests This Honorable Court enter an

Order granting the following relief:

1. Immediate Emergency Ex Parte Injunctive Relief under Pa.R.C.P. 1531 ordering the Defendants to immediately cease operation of the Facebook page belonging to Plaintiffs or make any alterations or in any way tamper with that page and return ownership thereto.

2. Immediate Emergency Ex Parte Injunctive Relief under Pa.R.C.P. 1531 ordering the Defendants to cease any and all actions imitating the Plaintiff's event including using photographs or video of the Plaintiff's events or property.

3. Order declaratory judgment under 42 Pa.C.S.A. 7532 that prohibits Defendants from further utilizing the Facebook page belonging to Plaintiff or any further effort to attempt to falsely portray the Plaintiff's event as their own.

RESPECTFULLY SUBMITTED:

*The Law Offices of Steven P. Passarello, Esq., P.C.*

By: _____

Steven P. Passarello, Esquire
616 Hileman Street
Altoona, PA 16602
(814) 944-9800
(814) 944-8075 (fax)
PA I.D. # 63233

# **CERTIFICATE OF SERVICE**

I, Steven P. Passarello, Esquire, hereby certify that a true and correct copy of the foregoing document was served on the following individual by Personal Service:

**Kate Gille**
**3528 W 9th Street, Apt A,**
**Trainer, PA 19601**

**William Van Meter**
**2344 Walton Avenue**
**Pittsburgh, PA 15210-4152**

**Joshua Powell**
**3244 Eagle School Road #9**
**Martinsburg, WV 25404**

*The Law Offices of Steven P. Passarello, Esq., P.C.*

By:

_____
Steven P. Passarello, Esqiure
616 Hileman Street
Altoona, PA 16602
(814) 944-9800
(814) 944-8075 (fax)
PA I.D. # 63233

# IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA

## CIVIL CONTINUANCE REQUEST

MICHAEL B. McGINN, et al. : Case No. 00364 for the year 2018
Plaintiff

vs.

GLENN ERIC BRAUNER, et al.
Defendant

**Type of Proceeding:** ☐ Custody Conference ☐ Custody Hearing ☐ Divorce Conference ☐ Divorce Hearing ☐ Domestic Relations ☒ Motions Court ☐ PFA ☐ Trial ☐ Other

**This case is presently scheduled for:** January 15, 2019 at 9:00 a.m. in Courtroom # 1

**Reason for continuance request:** Plaintiff and Defendant, First American Title Insurance Company have reached a settlement in principle and require time to finalize the settlement.

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

**Requesting Attorney for** Defendant, First American Title Insurance Company

Kevin L. Hall, Esquire    *[signature]*    January 9, 2019

**Opposing Counsel for** Plaintiffs    ☒ Agrees with Request ☐ Objects to Request

James M. Stein, Esquire    *[signature]*    1-9-2019

**Opposing Counsel for** _____    ☐ Agrees with Request ☐ Objects to Request

---

## ORDER

AND NOW, this ___ day of ___, 20___, the above continuance is GRANTED / DENIED.

New Date: _____ at _____ in Courtroom # ___

for a CONFERENCE / HEARING at Bedford County Courthouse, 200 South Juliana Street, Bedford, PA

By the Court,

_____ J.

IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA

| | |
|---|---|
| FOUR QUARTERS INTERFAITH, SANCTUARY OF EARTH RELIGION,<br>      **Plaintiff**<br>-vs-<br><br>KATE GILLE, WILLIAM VAN METER, JOSHUA POWELL,<br>      **Defendants** | NO. 46 for 2019<br><br>IN EQUITY |

## ORDER

AND NOW, this 9th day of January, 2019 the matter having come before the Court in the posture of a request for Preliminary and/or Special Injunctive Relief and The Court finding that immediate irreparable injury were to occur if an injunction is not granted the following relief is appropriate on a temporary basis until a full evidentiary hearing can be held in this matter which has been scheduled under separate order.

**IT IS HEREBY ORDERED, DIRECTED AND DECREED,** that the Plaintiff's request for Preliminary and/or Special Injunctive Relief under Pennsylvania Rule of Civil Procedure 1531 is **GRANTED**. The Defendants are ORDERED to immediately cease operation of the Facebook page previously entitled Wickerman Burn and now entitled Wicker Family Burn and return such page to Plaintiffs forthwith. Further, Plaintiff's should not be required to post a bond.

A hearing in this matter is scheduled for the 18th day of January, 2019, at 9:00 a.m. / ~~p.m.~~ in Courtroom # 1 at the

Bedford County Courthouse, Bedford, Pennsylvania.

By The Court:

_____
J.

William Van Meter
2344 Walton Ave.
Pittsburgh PA
15210-4152

Joshua Powell
3244 Eagle School Road #9
Martinsburg WV 25404

Katie Gillo
3528 West 9th St.
Apt. A
Trainer PA 19601

I certify that copies of this
original document were mailed to:
☑ Defendant ☐ Plaintiff
☐ Attorney for Defendant
☑ Attorney for Plaintiff  Pessarello
☐ Other _____

on  1-22-19    BWH
    Date       Initials

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA R.C.P. NO. 236
NOTIFICATION. THIS DOCUMENT HAS
BEEN FILED IN THIS CASE.
PROTHONOTARY, BEDFORD COUNTY, PA
DATE: 1-22-19    BWH

IN THE COURT OF COMMON PLEAS OF BEDFORD COUNTY, PENNSYLVANIA

| | |
|---|---|
| FOUR QUARTERS INTERFAITH SANCTUARY OF EARTH RELIGION, <br>     PLAINTIFF <br><br> v. <br><br> KATE GILLE, ET AL, <br>     DEFENDANTS | NO. 46 FOR 2019 <br><br> CIVIL DIVISION <br><br> IN EQUITY |

### ORDER OF COURT

AND NOW, Friday, January 18, 2019, the Order of Court dated January 9, 2019 granting the preliminary injunction is hereby vacated.

BY THE COURT:

_____
LIVENGOOD, J.

Counsel:
Steven Passarello, Esquire
Kate Gille
William Van Meter
Joshua Powell

1 of 1