IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| FOUR QUARTERS INTERFAITH | ) | Case No. 3:19-cv-12 |
| SANCTUARY OF EARTH RELIGION, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KATE GILLE, WILLIAM VAN METER, | ) | |
| and JOSHUA POWELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

### I. Introduction

On January 25, 2019, the Court issued a Memorandum Order (ECF No. 3) *sua sponte* noting an apparent lack of subject-matter jurisdiction and requiring Plaintiff Four Quarters Interfaith Sanctuary of Earth Religion ("Plaintiff") and Defendants Kate Gille, William Van Meter, and Joshua Powell (collectively, "Defendants") to brief the issue of subject-matter jurisdiction by February 1, 2019. The parties complied. (*See* ECF Nos. 8, 9.)

For the reasons that follow, this Court holds that it has subject-matter jurisdiction over Plaintiff's claim to the extent that Plaintiff seeks to protect its photographs and videos. The Court thus declines to dismiss this lawsuit due to lack of subject-matter jurisdiction.

### II. Background[1]

On January 9, 2019, Plaintiff filed a Petition for Ex Parte Emergency Injunctive Relief and

---

[1] The factual allegations in this Background are taken from Plaintiff's Petition (ECF No. 1-1) unless otherwise noted.

Declaratory Judgement [*sic*] (ECF No. 1-1) in the Court of Common Pleas of Bedford County, Pennsylvania (the "Bedford County Court"). In the Petition, Plaintiff, a Pennsylvania non-profit corporation, alleges that Plaintiff holds a religious ceremony and fundraising event every summer called "Wickerman Burn." (*Id.* ¶¶ 1, 6.) This event is "one of the largest and most successful events" that Plaintiff holds and Plaintiff "derives a substantial portion of yearly revenue from" the event. (*Id.* ¶¶ 6, 21.) Plaintiff has held Wickerman Burn for the last ten years. (*Id.* ¶ 7.)

Plaintiff operates a Facebook page to update participants on and advertise the event. (*Id.* ¶ 12.) The Facebook page is "the primary source of information and advertising for the Wickerman Burn event." (*Id.* ¶ 13.)

On December 26, 2018, Defendant Gille gained administrative rights to the Facebook page from its previous administrator "utilizing false pretenses and surreptitious means." (*Id.* ¶ 15.) Upon gaining those administrative rights, Defendant Gille removed the previous administrators from the Facebook page and took "sole possession" of the page. (*Id.* ¶ 16.) She named Defendant Van Meter, Defendant Powell, and herself as administrators of the page, and renamed the page "Wicker Family Burn." (*Id.* ¶¶ 17-18.) Defendants began to use the page to advertise a competing event. (*Id.* ¶ 18.)

According to Plaintiff, "Defendants are attempting to deprive Plaintiffs of [the Wickerman Burn] event and the money derived therefrom by insinuating that the Wickerman Burn event belongs to them despite the very clear fact that the event belongs to the Plaintiff[]." (*Id.* ¶ 22.) In doing so, Defendants have utilized Plaintiff's photographs of Plaintiff's property "to the economic detriment of the Plaintiff and in further attempt to falsely portray the proposed events of the Defendant as related to the Plaintiff's event. (*Id.* ¶ 26.)

Plaintiff seeks declaratory and preliminary and permanent injunctive relief. (*Id.* at 8.) The relief sought includes (1) an injunction ordering Defendants to cease operation of the Facebook page and return the page to Plaintiff's control; (2) an injunction ordering Defendants to "cease any and all actions imitating the Plaintiff's event including using photographs or video of the Plaintiff's events or property"; and (3) a declaratory judgment that prohibits Defendants from further utilizing the Facebok page. (*Id.*) Plaintiff explains that injunctive relief is necessary, in part, "to restore Plaintiff to control the Facebook page which is the intellectual and personal property of the Plaintiff." (*Id.* ¶ 28.)

On January 9, 2019, the Bedford County Court granted Plaintiff's request for preliminary injunctive relief and ordered Defendants to immediately cease operation of the Wickerman Burn Facebook page and return the page to Plaintiff. (*Id.* at 11.) On January 18, 2019, the Bedford County Court vacated its January 9, 2019 order (*id.* at 14) after Defendants allegedly argued that this matter belonged in federal court and sought removal (ECF No. 8 at 2).

Defendants filed a Notice of Removal in this Court on January 23, 2019 (ECF No. 1). In the Notice, Defendants identified three grounds for this Court's subject-matter jurisdiction over this lawsuit. First, Defendants claimed federal-question jurisdiction under the Copyright Act, 28 U.S.C. § 1338(a). (*Id.* ¶¶ 14-26.) Defendants argued that Plaintiff's claims are preempted by federal copyright law because "some of the works about which the Plaintiff seeks relief are unquestionably the appropriate subject matter of the Copyright Act" and "Plaintiff seeks to use the Pennsylvania Declaratory Judgment Act as a vehicle by which to obtain rights and remedies equivalent to those provided for in the Copyright Act." (*Id.* ¶¶ 18-26.)

Second, Defendants claimed that this Court has subject-matter jurisdiction pursuant to the

Lanham Act, 15 U.S.C. § 1121. (*Id.* ¶ 27.) Defendants explained that "[a] fair reading" of Plaintiff's claim that the event is Plaintiff's intellectual property "necessarily includes a claim by Plaintiff that it owns the name of the Event, 'Wickerman Burn.'" (*Id.* ¶¶ 29-30.) Because the name "Wickerman Burn" is "a potential trademark pursuant to the Lanham Act," Defendants argued that this Court has original jurisdiction over Plaintiff's claims.

Finally, Defendants argued that this Court has diversity jurisdiction over this matter. (*Id.* ¶ 33.) Defendants explained that Plaintiff is a citizen of Pennsylvania and that Defendant Powell is a citizen of West Virginia, which is sufficient to invoke this Court's diversity jurisdiction. (*Id.* ¶¶ 34-35.)

On January 25, 2019, the Court ordered further briefing on the matter of subject-matter jurisdiction (ECF No. 3). The Court noted that Plaintiff's Petition does not facially raise copyright or trademark issues. (*Id.* at 1.) Furthermore, the Court noted an absence of complete diversity between Plaintiff and Defendants, as Plaintiff is a Pennsylvania corporation and two Defendants are citizens of Pennsylvania. (*Id.* at 1-2.) The Court found expeditious briefing on subject-matter jurisdiction to be necessary considering Plaintiff's demands for preliminary injunctive relief. (*Id.* at 2.) Thus, the Court ordered briefing on the presence or absence of subject-matter jurisdiction by February 1, 2019. (*Id.*)

In its Brief Regarding Subject Matter Jurisdiction (ECF No. 9), Defendants withdrew their contentions that subject-matter jurisdiction is appropriate based on diversity jurisdiction and the Lanham Act. (*Id.* at 3 n.1.) Thus, Defendants only briefed subject-matter jurisdiction based on the Copyright Act.

Defendants argue that the Copyright Act preempts Plaintiff's Petition to the extent

-4-

Plaintiff claims that it owns certain photos, videos, and the Facebook page and seeks a declaratory judgment that such items are Plaintiff's intellectual property and that Defendants are improperly reproducing and distributing copies of those works. (*Id.* at 6-9.) Defendants add that "the fact that Four Quarters has not pled that it has registered these photos, videos or the Group with the United States Copyright Office is not fatal to this Court's subject[-]matter jurisdiction." (*Id.* at 9.) Defendants further assert that the Court should exercise supplemental jurisdiction over the rest of Plaintiff's claims. (*Id.* at 10.)

In response, Plaintiff argues that its claims do not arise under the Copyright Act because "Plaintiff has not claimed the photograph [*sic*] works have been infringed." (ECF No. 8 at 5.) Instead, "[t]he essential cause of action, as pled, is the insinuation that the Wickerman Burn event belongs to Defendants." (*Id.*) "That Defendants are using Plaintiff's photographs might be a fact in any cause of action, [but] the photograph does not imply that a claim for Copyright Infringement has been raised by Plaintiff, as that is not the gravemen [*sic*] of the action." (*Id.*) Moreover, Plaintiff asserts that Plaintiff cannot sue under the Copyright Act because Plaintiff has not registered its Facebook page or any photographs. (*Id.*)

The Court finds that there is no diversity jurisdiction in this case. Moreover, Plaintiff and Defendants agree that the Lanham Act does not currently provide a basis for this Court's exercise of subject-matter jurisdiction. Therefore, the Court focuses its analysis on whether Plaintiff's claims arise under the Copyright Act.

### III. Legal Standard

Defendants may remove an action from state court to federal court if the district court has original jurisdiction over the civil action. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, district

courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. § 1338(a). "No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights." *Id.*

When determining whether an action "aris[es] under" the laws of the United States, the district court is guided by the "well-pleaded complaint rule," which "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *See Berne Corp. v. Gov't of the V.I.*, 570 F.3d 130, 136 (3d Cir. 2009) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 (1987)). Thus, for federal-question jurisdiction to exist, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (alteration in original) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 10-11 (1983)). "[F]ederal jurisdiction cannot be created by anticipating a defense based on federal law." *Id.* (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908)).

However, the well-pleaded complaint rule is not always the end of the inquiry. There is "an 'independent corollary' to the well-pleaded complaint rule, known as the 'complete pre-emption' doctrine." *Caterpillar Inc.*, 482 U.S. at 392 (citation omitted). According to the Supreme Court:

> On occasion, the Court has concluded that the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and

-6-

therefore arises under federal law."

*Id.* (citations omitted). Thus, pursuant to the complete preemption doctrine, a federal court has subject-matter jurisdiction over state-law claims if those claims fall within an area of law that has been completely preempted by federal law. The rationale for this doctrine is that if federal law completely preempts state law in a particular area, the state law is entirely supplanted by federal law such that any claim purportedly brought pursuant to that state law necessarily arises under federal law. *See Aetna Health v. Davila*, 542 U.S. 200, 207-08 (2004); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 23 (1983).

Although the Third Circuit has yet to determine whether the Copyright Act can completely preempt state law claims, federal district courts in Pennsylvania have determined that the Copyright Act is completely preemptive. *See Scranton Times, L.P. v. Wilkes-Barres Publ'g Co.*, Civil Action No. 3:08-cv-2135, 2009 WL 585502, at *5, *7 (M. D. Pa. Mar. 6, 2009); *MCS Servs., Inc. v. Johnsen*, No. Civ. A. 01-4430, 2002 WL 32348500, at *4-5, *8 (E.D. Pa. Aug. 13, 2002); *Info. Handling Servs. Inc. v. LRP Publ'ns Inc.*, No. Civ. A. 00-1859, 2000 WL 433998, at *4 (E.D. Pa. Apr.18, 2000); *see also Tech. Based Sols. v. Elecs. Coll. Inc.*, 168 F. Supp. 2d 375, 379-80 (E.D. Pa. 2001) (explaining that "state law claims that are completely preempted by § 301(a) of the Copyright Act may be converted into federal claims" and acknowledging that "[t]he practice of converting preempted state law claims into federal claims has occurred in removal actions").

Other circuit courts agree with this approach. *See GlobeRanger Corp. v. Software AG United States of Am., Inc.*, 836 F.3d 477, 484, 491 (5th Cir. 2016) (explaining that complete preemption converted a state-law claim into a claim brought under the Copyright Act that supported federal-question jurisdiction at the time of removal); *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 705-

06 (5th Cir. 2012) (holding that the Copyright Act is completely preemptive); *Ritchie v. Williams*, 395 F.3d 283, 286-87 (6th Cir. 2005) (agreeing with the Second and Fourth Circuits that the complete preemption doctrine applies to the Copyright Act); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) ("[W]e conclude that [the Supreme Court] means to extend the complete preemption doctrine to any federal statute that both preempts state law and substitutes a federal remedy for the law, thereby creating an exclusive federal cause of action. The Copyright Act does just that. . . . It therefore follows that the district courts have jurisdiction over state law claims preempted by the Copyright Act."); *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 232 (4th Cir. 1993) ("The grant of exclusive jurisdiction to the federal district courts over civil actions arising under the Copyright Act, combined with the preemptive force of § 301(a), compels the conclusion that Congress intended that state-law actions preempted by § 301(a) of the Copyright Act arise under federal law. Accordingly, we hold that the preemptive force of § 301(a) of the Copyright Act transforms a state-law complaint asserting claims that are preempted by § 301(a) into a complaint stating a federal claim for purposes of the well-pleaded complaint rule. Since claims preempted by § 301(a) arise under federal law, removal of actions raising these claims to federal district court is proper.").

This Court finds that the Third Circuit would follow these numerous persuasive authorities and determine that the Copyright Act is completely preemptive, if presented with the question. Thus, this Court will apply the complete preemption doctrine in the context of the Copyright Act.

## IV. Discussion

On its face, Plaintiff's Petition does not state a federal cause of action. Plaintiff brings a claim pursuant to the Pennsylvania Declaratory Judgment Act. Plaintiff does not mention the Copyright Act or the Lanham Act, and does not even use the word "copyright" or trademark." Thus, Plaintiff's Petition does not meet the well-pleaded complaint rule for federal-question jurisdiction.

However, Plaintiff's claim may still "arise under" federal law if it falls within the scope of the Copyright Act's complete preemption. Pursuant to Section 301 of the Copyright Act ("Section 301"):

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title.

17 U.S.C. § 301(a).

This Court applies a two-part test to determine whether Section 301 preempts state law. *See Tegg Corp. v. Beckstrom Elec. Co.*, 650 F. Supp. 2d 413, 420 (W.D. Pa. 2008); *Scranton Times*, 2009 WL 585502, at *2. First, the Defendant must show that "the work in question falls within the type of works protected by the Copyright Act." *Tegg Corp.*, 650 F. Supp. 2d at 420 (quoting *Tartan Software, Inc. v. DRS Sensors & Targeting Sys.*, Civ. A. No. 06-1147, 2007 WL 2998441, at *4 (W.D. Pa. Oct. 11, 2007)); *see also Scranton Times*, 2009 WL 585502, at *2 (describing the first prong of the preemption test as whether "the subject matter of the claim falls within the subject matter of copyright law" (quoting *Daley v. Firetree, Ltd.*, No. 4:CV-04-2213, 2006 WL 148879 (M.D. Pa. Jan. 19, 2006))); *MCS Servs.*, 2002 WL 32348500, at *5 (same). Second, the Defendant must show that

"the state law seeks to enforce rights that are equivalent to any of the exclusive rights of copyright found in Section 106 of the Copyright Act." *Id.* (quoting *Tartan Software*, 2007 WL 2998441, at *4).

Under the first prong of the preemption test, the Court must determine whether the work at issue is copyrightable. *See MSC Servs.*, 2002 WL 32348500, at *5. Here, Defendants argue that Plaintiff claims that it owns certain photographs and videos that Defendants are using without permission. (ECF No. 9 at 6.) Defendants contend that photographs and videos are protected by the Copyright Act and thus that Plaintiff's claim is completely preempted by the Copyright Act, making removal proper. Defendants also assert that the Facebook group for Wickerman Burn could be subject to the Copyright Act as a "compilation of facts." (*Id.* at 9.)

Plaintiff, in response, explains that "[w]hile Plaintiff's media and Facebook pages contain photographs, this is merely a recitation of a nominal fact." (ECF No. 8 at 5.) Furthermore, Plaintiff notes that "Plaintiff <u>cannot</u> sue under the Copyright Act, at the time of this Pleading, because Plaintiff has not made a claim for registration of its Facebook page or any photograph or work." (*Id.*) Plaintiff's brief does not address the prongs of the aforementioned preemption test.

The Court agrees with Defendants that photographs and videos are an appropriate subject matter of a copyright.[2] *See* 17 U.S.C. § 102(a)(5)-(6) (identifying "pictorial" works and "motion pictures and other audiovisual works" as subject to copyright protection). Thus, by pleading that "Defendants are utilizing photographs of the property . . . belonging to Plaintiff and of Plaintiff's events in their online advertising and publications," Plaintiff satisfies the first prong of the Copyright Act preemption test. (ECF No. 1-1 ¶ 26.)

---

[2] The Court need not address whether the Facebook group is a copyrightable work, as the Court finds that Plaintiff's claim regarding the photographs and videos is preempted by the Copyright Act and thus raises a federal question that makes removal appropriate.

-10-

The fact that Plaintiff has not registered any of its works for copyright protection is not relevant to this inquiry (ECF No. 8 at 5), as the first prong looks at whether a work is the appropriate subject of a copyright, not whether the work is actually copyrighted. *See MSC Servs.*, 2002 WL 32348500, at *5 ("Under the two-part test, courts must first determine whether the work is the appropriate subject matter of a copyright . . . ."). Furthermore, while the Plaintiff points to the Copyright Act's registration requirement[3] as an indication that Plaintiff's suit cannot arise under federal law as Plaintiff has not registered for copyright protection (*id.*), the Supreme Court has held that this registration requirement "is a precondition to filing a claim that *does not restrict a court's subject-matter jurisdiction.*" Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 157, 166 (2010) (emphasis added); *see also Cognetx, Inc. v. Haughton*, Civil No. 10-2293, 2010 WL 3370761, at *3 (E.D. Pa. Aug. 26, 2010) (finding, in a case involving a motion to remand for lack of subject-matter jurisdiction because the plaintiff did not have a registered copyright, that *Reed Elsevier* "neither mandates nor prohibits remand in this matter" and focusing instead on the second prong of the preemption test to determine whether the plaintiff's claims were preempted by the Copyright Act); *Integrated3d, Inc. v. Aveva, Inc.*, CIVIL ACTION NO. 1:17-CV-159, 2017 WL 10185175, at *4 (E.D. Tex. Nov. 16, 2017) ("[T]he absence of a copyright registration 'does not preclude the application of the doctrine of preemption that exists under the Copyright Act.'" (citing *Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 F. App'x 344, 348-49 (5th Cir. 2011))). Thus, this Court finds that Plaintiff's failure to comply with the Copyright Act's registration requirement is not a jurisdictional bar but is instead the absence of an element of a copyright

---

[3] Section 411 of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).

infringement claim.

Under the second prong of the preemption test, to determine whether state-law rights are "equivalent" to rights protected by the Copyright Act, the Third Circuit has adopted the "extra element" test. *See Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 218 (3d Cir. 2002); *Tegg Corp.*, 650 F. Supp. 2d at 421. This Court has described the extra element test as follows:

> If a state cause of action requires proof of an "extra element" beyond reproduction, distribution, display, or preparation of derivative works, then "the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action." "To determine whether a claim is qualitatively different, the Court looks at what the plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." A right is equivalent to a copyright if it is "infringed by the mere act of reproduction, performance, distribution, or display," and "the fact that the state-created right is either broader or narrower than its federal counterpart will not save it from preemption."
>
> Even if a state cause of action has an element that appears to be beyond the scope of a copyright claim, "not every extra element is sufficient to establish a qualitative variance between rights protected by federal copyright law and that by state law." Courts have taken a "restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim."

*Tegg Corp.*, 650 F. Supp. 2d at 421-22 (citations omitted).

Here, Plaintiff's claim is brought pursuant to the Pennsylvania Declaratory Judgment Act, 42 Pa. Cons. Stat. §§ 7531-7541. According to this statute, courts "shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa. Cons. Stat. § 7532. Plaintiff seeks a declaratory judgment that "prohibits Defendants from further utilizing the Facebook page belonging to Plaintiff or any further effort to attempt to falsely portray the Plaintiff's event as their own." (ECF No. 1-1 at 8.) Plaintiff also seeks a preliminary

injunction "ordering the Defendants to cease any and all actions imitating the Plaintiff's event including using photographs or video of the Plaintiff's events or property." (*Id.*)

Plaintiff appears to seek, in part, a declaration (and related injunctive relief) that Plaintiff owns particular photographs and videos and that Defendants must cease from using those photographs and videos in the promotion of their competing event. (*Id.*) Plaintiff thus seeks to protect rights that are also protected by the Copyright Act, namely, Plaintiff's exclusive right to reproduce the photographs and videos, to distribute copies of the photographs and videos, and to display copies of the photographs and videos. *See* 17 U.S.C. § 106; *Tegg Corp.*, 650 F. Supp. 2d at 421 ("The Copyright Act provides for a number of exclusive rights, including the right to distribute, reproduce, and display a work . . . . Section 301 preempts only those state law rights which may be abridged by an act that itself would infringe on one of these exclusive rights."); *see also Briarpatch Ltd.*, 373 F.3d at 306 (explaining that a declaratory judgment claim was preempted because "that cause of action simply [sought] a declaration that [the defendant had] no right in [the work at issue]"); *Integrated3d*, 2017 WL 10185175, at *5 (finding a declaratory judgment claim preempted by the Copyright Act because it was based on allegations that the defendants used the plaintiff's software without permission). Plaintiff has not pointed to any extra element that would prevent the Copyright Act from preempting its declaratory judgment claim.

Plaintiff counters that "[p]hotograph usage [i]s a mere recitation of fact" that "does not imply that a claim for Copyright Infringement has been raised by Plaintiff, as that is not the graveman [*sic*] of the action." (ECF No. 8 at 5.) However, the test for Copyright Act preemption does not focus on whether Plaintiff actually states a claim for copyright infringement. Instead, the test is concerned with whether asserted state-law rights are "equivalent" to rights protected

by the Copyright Act. Thus, the gravamen of Plaintiff's Petition is not the proper inquiry. Rather, the Court must look to "what the plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Daley*, 2006 WL 148879, at *2 (quoting *Briarpatch*, 373 F.3d at 306). As explained above, Plaintiff appears to seek to protect its right to exclusive use of certain photographs and videos, which is a right protected by the Copyright Act and is thus preempted.

Plaintiff's declaratory judgment claim, as it relates to the protection of Plaintiff's photographs and videos, is preempted by the Copyright Act. Thus, this Court has federal-question jurisdiction over this claim and supplemental jurisdiction over Plaintiff's claim to the extent it is not preempted by the Copyright Act. Thus, removal was appropriate, and the Court will not dismiss this case for lack of subject-matter jurisdiction.

## V. Conclusion

As explained above, this Court holds that it has subject-matter jurisdiction over Plaintiff's claim to the extent Plaintiff seeks to protect its photographs and videos from use by Defendants, as this claim is preempted by the Copyright Act and thus raises a federal question. Therefore, the Court declines to dismiss this lawsuit due to lack of subject-matter jurisdiction.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| FOUR QUARTERS INTERFAITH | ) | Case No. 3:19-cv-12 |
| SANCTUARY OF EARTH RELIGION, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KATE GILLE, WILLIAM VAN METER, | ) | |
| and JOSHUA POWELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

NOW, this 11th day of February, 2019, this Court **HEREBY ORDERS** that it will not dismiss this case for lack of subject-matter jurisdiction.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE